# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARCELONA EQUIPMENT, INC. | CIVIL ACTION |
| VERSUS | NO. 11-2183 |
| TARGET CONSTRUCTION, INC. ET AL. | SECTION "K"(5) |
| FILING APPLICABLE TO C.A. NO. 11-2983 | |

## ORDER AND REASONS

Before the Court is a Motion to Sever Civil Action No. 11-2983 (Doc. 38) from five other cases that have been consolidated under *Barcelona Equipment, Inc. v. Target Construction, Inc., et al.,* Civil Action No. 11-2183. This motion was filed by plaintiffs, United States of America for the Use and Benefit of Big "B" Services, LLC, and Big "B" Services, LLC doing business as Barrois Welding Services ("Barrois"). All of the consolidated cases arise out of two United States Army Corps of Engineers projects, the Louisiana Lakefront Airport T-Walls (LPV) bearing Contract Number W912P8-10-C-0026 ("the Airport Contract") and the Louisiana Segnette Park Floodwall (WBV-24) bearing Contract Number W912P8-10-0079 ("the Segnette Contract"). With respect to both projects, David Boland agreed to perform certain work with respect to them and a payment bond was obtained for the work from Travelers Casualty and Surety Company of America. Target Construction, Inc. ("Target") and Boland then entered into a Subcontract Agreement for each project and Western Surety delivered a private payment bond in favor of Target relative to those subcontracts. Target thereafter entered into one or more subcontract agreements with various vendors. These cases all concern non-payment for work done under these subcontracts.

Barrois contends, "Although it appears from a review of the respective Complaints that the consolidated cases involve claims related to, *inter alia*, the Bayou Segnette Project and the Lakefront Airport Project, the commonality ends there. The Barrois civil action does not involve common questions of law or fact with the other matters which would warrant consolidation." Barrois thus maintains that its complaint should stand alone. This position misses the mark.

Rule 42(a) of the Federal Rules of Civil Procedure provide:

(a) **Consolidation.** If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the action;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid unnecessary cost or delay.

Likewise, this Court's Local Rule 3.1.1 provides:

> To promote judicial economy, conserve judicial resources, and avoid potential forum shopping and conflicting court rulings, all actions described in LR 3.1 must be transferred to the section with the lowest docket number. . . .

Local Rule 3.1 provides such transfer as "[w]hen a civil matter, commenced in or removed to the court, involves subject matter that comprises all or a material part of the subject matter or operative facts of another action, . . ." LR3.1. It is based upon these rules that the Barrois case transferred and then consolidated with the other cases concerning these two projects and the relevant subcontracts in this Court.

Clearly, there are common questions of fact and law dealing with the execution of these contracts and the alleged non-payment therefor. At a minimum, discovery and any motion practice should be undertaken in a consolidated setting. This course of action will save time and effort and promote judicial economy and resources. As such, this Court shall exercise its discretion and will refuse to sever this case. *In re Air Crash Disaster at Florida Everglades on*

*December 29, 1972*, 549 F.2d 1006, 1012-1014. If after the close of discovery and such motion practice, it becomes clear that a consolidated trial would not be efficient, the Court may then consider such a severance. But, for now, the motion to sever is without merit. Accordingly,

**IT IS ORDERED** that the Motion to Sever Civil Action No. 11-2983 (Doc. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that a status conference **July 10, 2012 at 1:30 p.m.** in person to establish a scheduling order for these matters.

New Orleans, Louisiana, this 21st day of June, 2012.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**