UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BARCELONA EQUIPMENT, INC. | CIVIL ACTION |
| VERSUS | NO. 11-2183<br>C/W 11-2295<br>C/W 11-2983<br>C/W 12-0496<br>C/W 12-0708<br>C/W 12-0787<br>C/W 12-0838 |
| DAVID BOLAND, INC., INC., ET AL. | SECTION "K"(5) |

Re: *Big B Services LLC v. Target Construction, Inc.*, et al, C.A. 11-2983

## ORDER AND REASONS

Before the Court is a Written Objection to Minute Order of Magistrate (Doc. 229). Target Construction, Inc. ("Target") has objected to the Magistrate Judge's Order (Doc. 219) with respect to its Motion to Compel (Doc. 195) by which Target sought the production of W-9s, 1099s and other documents evidencing the payment of Big B Services LLC ("Barrois") to its welders for work on the construction projects which form the basis of this litigation.

Target contends that the amount of hours billed and the number of welders purportedly performing work on the projects on any given day by Barrois to Target, as evidenced in Barrois' billing statements, far exceed the amount of welding work actually completed and the number of Barrois workers actually observed as being present on the sites. Target likewise finds issue with Barrois' certified payroll reports. Thus, in essence in this suit for payment filed by Barrois against Target, the seminal issue is the amount of work actually performed by Barrois welders.

The Magistrate Judge after a telephone hearing issued the following ruling:

> To the extent that they exist, Barrois is to produce any daily logs or sign-in sheets that were actually signed by the workers themselves on a daily basis. If any of these workers were paid via check, copies of those check stubs are also to be produced. If the workers were paid in cash, Barrois is to supplement its discovery responses to so state.

(Doc. 219).

**Standard of Review of Magistrate Judge Discovery Ruling**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description , nature, custody , condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible  at the trial if the discovery appears reasonably calculated t lead to the discovery of admissible evidence . . . .

*Id.*

A magistrate judge may hear and determine any pretrial matter pending before a district court. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72.  This rule grants a magistrate judge wide discretion in determining such matters.  *Parent v. State Farm Fire and Cas. Co.*, 2007 WL 1651990, *1 (E.D.La. June 4, 2007). Thus, this Court  "may reconsider any pretrial matter under this subparagraph(A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1).  *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

Using this standard, the Court finds that the failure to order the production of the W2's and 1099s is contrary to law.  Considering the allegations of Target and its contention that Barrois inflated its payroll, it will be necessary for Barrois to prove the amount paid to its welders and a seminal piece of evidence to that end will be what it

reported to the Government with respect to wages it paid.  Indeed, 1099s are required by law to be produced for the laborer even if the laborer is paid in cash.  Thus, this request is not unduly burdensome and is reasonable.  However, as to "other documents" sought, the Court finds no error in the magistrate judge's decision.  Accordingly,

**IT IS ORDERED** that the Objection to Minute Order is **OVERRULED in part** and **SUSTAINED in part.**  Barrois shall produce the W2's and 1099 of those workers who worked on these projects and for whom Barrois seeks compensation.

New Orleans, Louisiana, this   1st   day of February, 2013.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**