UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BARCELONA EQUIPMENT, INC. | CIVIL ACTION |
| VERSUS | NO. 11-2183<br>C/W 11-2295<br>C/W 11-3028<br>C/W 12-0496<br>C/W 12-0708<br>C/W 12-0838 |
| DAVID BOLAND, INC., INC., ET AL. | SECTION "K"(5) |
| | PERTAINS TO C.A. No. 11-3028 |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss, or alternatively, Motion to Stay filed by David Boland, Inc. ("Boland") and Travelers Casualty and Surety Company of America ("Travelers") (Doc. 397) in which they seek the dismissal of the claim of Target Construction, Inc. ("Target") for lack of jurisdiction or in the alternative, to stay this matter. Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court finds merit in this motion.

**Background**

This lawsuit arises out of a federal construction project. Boland contracted with the United States Army Corp of Engineers ("the Corps" or "Owner") to perform Project No. W912P8-10-C-0079 involving construction at New Orleans Lakefront ("the Project"). Boland as prime contractor entered into a subcontract with Target to perform work on the Project.[1] Salient

---

[1] This subcontract is attached as Exhibit B to the Affidavit of Jason Whitworth and is referred hereafter as the Subcontract Agreement (Doc. 397-11).

to the issue before the Court are two paragraphs concerning the resolution of payment disputes.

    Paragraph 13A of that contract states:

    13.    A.    The contractual remedial procedure described in Section 00700 - Contract Clauses, 52.233-1 Disputes (Jul 2002) of the Prime Contract relating to claims for which the Owner may be responsible is specifically incorporated herein by reference and made a part of the subcontract Agreement. The Subcontractor shall first pursue and fully exhaust said procedure before commencing any other action against the Contractor or its surety for any claims it may have arising out of its performance of the work herein. Upon the Subcontractor's written request, the Contractor agrees to prosecute all claims submitted by the Subcontractor under the contractual remedial procedure of the Prime Contract on behalf of, and to the extent required by the Subcontractor.

(Subcontract Agreement, Doc. 397-11 at Page 7 of 25).

    Paragraph 23 provides:

    23.    If the Prime Contract incorporated herein is one for which the Contractor has provided any bond(s) pursuant to 40 U.S.C. § 270a, the "Miller Act," . . ., then the Subcontractor expressly agrees to stay any action or claim under this Subcontract Agreement against the Contractor and against the Contractor's surety and its payment Bond and Performance Bond pending the complete and final resolution of the Prime Contract's contractual remedial procedure or the Subcontract Agreement's mediation procedure, as required by Paragraph 13, above. These terms in no way excuse or stay the Subcontractor's filing of any and all notices as required by statute or bond.

(Subcontract Agreement, Doc. 397-11 at Page 10 of 25).

    On December 1, 2011, Target made demand for payment under the Traveler bond. In this demand and the attached "Subcontractor's Application for Payment" there is a line item which specifically makes reference to two "REAs". An REA, which stands for "request for equitable adjustment" is part of the remedial procedures for adjudicating a claim between a contractor and the Government and constitute the initial stge of the claim procedure. In this instance, Target apparently contended that it encountered differing site conditions impacting construction and installation of the Sluice Gate structure on the Lake Front Project and that it

was adversely impacted by excessive and unanticipated train traffic.  Both of these REAs which will resolve Target's entitlement to relief are under consideration by the Government.

Nonetheless, Target filed this lawsuit seeking recovery of various sums allegedly owed with regard to the Project.  Specifically, it filed for payment under the Miller Act, 40 U.S.C. § 3131, *et seq.* and for breach of contract suing Boland and Travelers.  In its Complaint, it contends that it "performed work and services under the Subcontract and supplied the equipment and materials required by the Subcontract" and that it "is owed $11,038, 957.54 plus legal interest for its work, services, equipment and materials provided under the Subcontract." (C.A. No. 11-3028 Doc. 1, ¶¶ 8 and 9).

This suit was filed on December 9, 2011 and initially assigned to the Honorable Sarah Vance.  On February 13, 2012, a Joint Motion to Stay was filed by the parties in which the parties averred that Target filed this suit to avoid any potential statute of limitations problems and the parties were in the process of pursuing administrative remedies concerning the claims before the Corps.  "If Target and Boland are successful in pursing these remedies, then the claims asserted in this lawsuit may be rendered moot, or the matters at issue may be significantly narrowed.  It therefore is in the interest of judicial economy to stay this litigation pending pursuit of those administrative remedies." (C.A. No. 11-3028, Doc. 16, ¶ 4).   The motion was granted and the matter was stayed.  (C.A. No. 11-3028, Doc. 18).

On March 19, 2013, Target moved to have the stay lifted and the suit transferred to be consolidated with a number of other suits arising out of the two Corps projects all consolidated under the matter captioned *United States of America, for the Use and Benefit of Barcelona Equipment, Inc.*, C.A. No. 11-2183.  The motion to transfer was granted and after a status

conference was held before the undersigned, the Court ordered the subject motion to be filed. C.A. No. 11-3028, Doc. 30).

**Analysis**

Having reviewed the above-cited pleadings and exhibits, the Court finds that based on the clear, unambiguous contractual language cited above, Target is prohibited from pursuing these claims so long as the these REAs are under consideration by the Government. The language states unequivocally at Paragraph 13A that "[t]he Subcontractor shall first pursue and fully exhaust said procedure before commencing any other action against the Contractor or its surety for any claims it may have arising out of its performance of the work herein." (Subcontract Agreement, Doc. 397-11 at Page 7 of 25). Moreover, under the terms of Paragraph 23 of the Subcontractor, Target expressly agreed to stay any action or claim under this Subcontract Agreement against Boland and Travelers pending the complete and final resolution of the Prime Contract's contractual remedial procedure. That procedure is on-going. Moreover, the cases cited by Target are inapposite as its Miller Act remedies have not been waived in this instance. While the Court understands Target's frustration, these provisions are clear and unambiguous and must be enforced. (Subcontract Agreement, Doc. 397-11 at Page 10 of 25).

However, as to Boland and Travelers contention that the Court has no jurisdiction over the matter, the Court notes that under the terms of the subject subcontract itself, the filing of such a suit is contemplated by virtue of the fact that Target agreed to stay such a suit. Moreover, it is in the interest of judicial economy to allow this matter to remain filed and stayed. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss, or alternatively, Motion to Stay filed by David Boland, Inc. ("Boland") and Travelers Casualty and Surety Company of America ("Travelers") (Doc. 397) is **DENIED** in so far as the movers seek dismissal of this matter and **GRANTED** in so far as they seek a stay.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending a resolution of the REA procedures outlined above. It shall be the duty of Target to re-open this matter at the conclusion of the administrative procedures set forth under the Subcontract in question.

New Orleans, Louisiana, this 30th day of January, 2014.

                                          **STANWOOD R. DUVAL, JR.**
                                  **UNITED STATES DISTRICT COURT JUDGE**