UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BARCELONA EQUIPMENT, INC. | CIVIL ACTION |
| VERSUS | NO. 11-2183<br>C/W 11-2295<br>C/W 11-3028<br>C/W 12-0496<br>C/W 12-0708<br>C/W 12-0838 |
| DAVID BOLAND, INC., INC., ET AL. | SECTION "K"(5) |
| | PERTAINS TO C.A. No. 11-2295 |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment of Target Construction, Inc. Inc. ("Target") (Doc. 406) by which it seeks a finding that Old Republic General Insurance Corporation ("Old Republic") has waived its insurance coverage defenses by failing to provide timely notice of a reservation of rights concerning a property damage claim asserted by Bauer-Pileco, Inc. ("Bauer-Pileco") against Target under an Old Republic policy of insurance. Having reviewed the pleadings, memoranda, exhibits, affidavit and the relevant law the Court finds some merit in the motion.

**Background**

In conjunction with Target's performance as a subcontractor for work performed on a project of United States Army Corps of Engineers (the Corps) known as the Lakefront Airport Project, Target rented a pile-driving hammer (the RG19T) from Bauer-Pileco to install paired segments of sheetpile which were to be linked together to form an I-wall structure. On or about April 20, 2011, Target returned the equipment to Bauer-Pileco. Bauer-Pileco claimed the pile-

driving hammer was damaged.  (General Liability Notice of Occurrence/Claim, Dated April 12, 2012) Doc.  406-3, Page 134-150).

At that time, Target had in effect a Commercial General Liability Insurance Policy issued by Old Republic ("the Policy") with a policy period from 02/02/2010 to 02/02/2011.  The relevant insuring language provides as follows:

> 17. "Property damage" means:
>     a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
>     b. Loss of use of tangible property that is not physically injured.  Al such loss of use shall be deemed to occur at the time of the "occurrence" that cause it."

(Doc.  406-2, Exhibit "1" to Exhibit "A", Page 29 of 109, the Policy at Form CG 00 01 12 07, p. 15 of 16).

The intricacies and numerous issues that are the subject of this consolidated litigation will not be examined herein.  For purposes of this motion, however, it is relevant to note that on **September 13, 2011**, Target filed suit against Bauer-Pileco alleging that Bauer-Pileco had provided equipment that did not meet Target's needs as allegedly promised by Bauer-Pileco, and that as a result, Target incurred damages in excess of $800,000.00. (C.A. No.  11-2295, Doc.  1, Complaint).  In response, on **November 11, 2011,** Bauer-Pileco field its answer, counterclaim and third-party demand (C.A. No.  11-2295, Doc.  3) wherein it alleged, *inter alia,* extensive damage to the hammer of the equipment and entitlement to loss of rental income sustained as a result of the damage caused to the rented equipment.  (C.A. No.  11-2295, Doc.  3, ¶¶ VI and VII).  Bauer Pileco directly sued AGCS Marine Insurance Company ("AGCS") the first-party

property insurer of Target and Bauer-Pileco as an additional insured for the cost of repair along with penalties and attorney's fees.  (Id. at ¶¶ IX and X).

On **November, 15, 2011**, Target transmitted a copy of Bauer-Pilco's pleading to the insurance agency from which Target had procured the Policy, Alliance Insurance Services, Inc. ("Alliant").  (Affidavit of Jeffery Fegert, ¶ 13 9Doc/ 406-2, page 3 of 109) referencing e-mail noting "attached" pleading from Shannon Iannuci of Target to Sherry Lutu of Alliant, dated November 15, 2011, Doc. 406-2, page 85 of 109).  Having received no response, in April of 2012, Target initiated an investigation as to the status of Old Republic's adjustment of the claim.  Apparently, the claim had not been passed onto Old Republic.

On **April 12, 2012**, Gallagher Bassett Services, Inc., ("Gallagher Bassett"), Old Republic's third-party claim administrator, received the claim.  (Gallagher Bassett Services, Inc. Print Claim Notes "Entry Date", page 137 of 150).  In May of 2012, the claim was then bounced from Gallagher Bassett's Nevada office under the review of Laura Morgan to Parsippany, New Jersey and on to Plano, Texas.

Almost two months after Gallagher Basset had been notified, Target was contacted by Gallagher Basset on **June 4, 2012,** but instead of declaring its position with regard to coverage, it requested more information regarding the underlying facts of the Bauer-Pileco property damage claim against Target.  No reservation of right letter issued.  And indeed, Gallagher Bassett admitted that it had a copy of the answer, counterclaim and third-party demand as well as a "subrogation packet from Keen Miller dated July 6, 2011." (Doc. 406-2 at page 94 of 109., Exhibit "7" to Fegert Affidavit) which in essence put it in position to render an opinion.

3

On **June 18, 2012**, counsel for Target apprised Gallagher Basset/ Old Republic that in its opinion Old Republic's duty to defend Target had been triggered with the receipt of the third-party pleadings and requested confirmation of Old Republic's duty to defendant within the following 7 days. Having failed to provide a legal defense to Target, on **September 25, 2012,** Target filed a first amended and supplemental complaint (C.A. No. 11-2183, Rec. Doc. 138) alleging that Old Republic's failure to avail itself of the defense of non-coverage timely constituted a waiver of its defense to indemnify and defend Target so that Old Republic owes Target the cost of defending against Bauer-Pileco's property damage claims, as well as all costs associated with the alleged property damage asserted in the Bauer-Pileco' Answer, Counter Claim and Third Party Demand. On **December 7, 2012**, AGCS pursuant to a settlement agreement paid the cost or repair for the allegedly damaged equipment; however, that settlement did not include Bauer Pileco's claim for loss of rental income .

**On July 15, 2013**, Old Republic responded to Target's discovery and claimed that on **February 20, 2013**, a reservation of right letter had issued. (Doc. 406-3, page 23 of 150). Target maintains that this letter was never received by it, and as further proof demonstrates that the United States Postal Service has no record of that correspondence having ever been sent.

Thus, no later than **April 12, 2012** through Gallager Bassett, Old Republic had in its possession sufficient notice that a claim had been lodged for repair costs, loss of rental use by Bauer-Pileco and demand for defense of these claims by Target. Practically ten months transpired prior to the **February 20, 2013** reservation of rights letter (which was never received) issuing.

In that February 20th letter, Old Republic through Gallagher Bassett admits that "a duty to defend and the possibility of coverage" was triggered under the policy by allegations in the Bauer-Pileco counterclaim, and that coverage was not available for Target's failure to pay rental and other charges claimed by Bauer-Pileco. Moreover, it "reserved" its right to further investigate "the possibility of coverage for allegations made by Pileco regarding loss of rental income resulting from property damage." (Letter from Gallagher Basset Services, Inc., dated 2/20/13, Doc. 406-3, pp23-24 of 150). The letter concludes by acknowledging a duty to defend and that the possibility of coverage "is triggered" by allegations of property damage, reserving its rights vis loss of rental income allegations. Moreover, Old Republic contends that since the property damage claim has been settled there is no need for defense or indemnity regarding the property damage claim. (*Id.* at 28-29).

**Analysis**

As stated by the United State Court of Appeals for the Fifth Circuit in *Riley Stoker Corp. v. Fidelity and Guaranty Ins. Underwriters, Inc.,* 26 F.3d 581 (5th Dir. 1994):

> Under Louisiana law, when an insurer has a duty to defend any claim asserted, the insurer must defend the entire action brought against its insured. *Alert Centre, Inc. v. Alarm Protection Serv., Inc.*, 967 F.2d 161, 163 (5th Cir. 1992). Thus, an insurer who wrongfully refuses to defend is liable for reasonable attorney's fees and expenses incurred by the insured in defending both the covered and uncovered claims brought against it. *See Clemmons v. Zurich Gen. Accident & Liability Ins. Co.*, 230 So.2d 887, 896 (La. Ct. App. 1st Cir. 1969) ("[T]he measure of damages to be assessed against an insurer who fails to defend under its policy thereby breaching its contractual obligation includes reasonable attorney's fees.")

*Riley Stoker*, 26 F.3d at 589.

In the instant case, Target clearly presented claims brought against it by Bauer-Pileco for which coverage was provided under the Old Republic policy.  Thus, clearly, there was and is a duty to defend by Old Republic.  The Court finds that the ten month delay in rendering a reservation of rights letter written in February of 2013 (10 months after notice)  which was apparently received by Target  in August of 2013 only as a result of a discovery request is frankly incomprehensible. Old Republic has admitted it had a duty to defend, and from the case law, that duty extends to the entire claim against Target brought by Bauer-Pileco.   Even in its correspondence, it is clear that Old Republic acknowledges that it had a duty to defend the property damage claim that has been settled.  The fact that that portion of Bauer-Pilco's claim–damage to the pile driver head– was settled by another insurer does not relieve Old Republic of its duty to defend all claims.  As such, the Court finds that the motion for partial summary judgment shall be granted insofar as finding that Old Republic had a duty and has a continuing duty to defend under the policy.

On the waiver issue as to coverage, there is a question of fact as to whether Old Republic took some action that would have triggered the necessity for a Reservation of Rights letter as to claims for which there is allegedly no coverage so as to preserve it right to deny coverage or whether the extremely long delay in taking any action constitutes a waiver of a coverage defense in and of itself.  As such, the motion will be denied in that regard.  Accordingly,

**IT IS ORDERED** that  Motion for Partial Summary Judgment of Target Construction, Inc. Inc.  ("Target") (Doc.  406) is **GRANTED** with respect to Old Republic having had and continuing to have a duty to defend Target against the entirety of the Bauer-Pileco Counterclaim

and **DENIED** as to whether Old Republic's actions were such as to result in a waiver of coverage defenses as there are questions of material fact in that regard.

New Orleans, Louisiana, this 31st day of January, 2014.

                                            **STANWOOD R. DUVAL, JR.**
                                **UNITED STATES DISTRICT COURT JUDGE**