UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BARCELONA EQUIPMENT, INC. | CIVIL ACTION |
| VERSUS | NO. 11-2183<br>C/W 11-2295<br>C/W 12-0708<br>C/W 12-0838 |
| DAVID BOLAND, INC., INC., ET AL. | SECTION "K"(5) |
| | PERTAINS TO C.A. No. 12-838<br>*Target Construction Inc. v. Kendra &Y Associates, Inc.* |

### ORDER AND REASONS

Before the Court is a Motion to Reconsider Defendants' Ingrid Arciniaga, Robert Arciniaga, and Technical Works, Inc. Motion to Disqualify Counsel for Plaintiffs (Doc. 692). The Motion to Disqualify (Doc. 673) was denied by the Court on July 14, 2014 after having conducted an hour and a half hearing issuing its oral ruling and reasons that day. The Court, after considering all of the evidence presented, including the testimony of Elizabeth Bolles, and having undertaken an extensive review of the case law prior to the hearing, ruled that Elizabeth Bolles was **not** "associated with" the Coats Rose such that disqualification was required.

Specifically, the Court cited the standard set forth in *Sumpter v. Hungerford*, 2013 WL 2181296 (E.D.La. May 20, 2013). It also relied on the analysis in *Mike Hooks Dredging Co., Inc. v. Eckstein Marine Serv., Inc.* 2010 WL 3081310 (E.D.La. August 5, 2010) (Berrigan, J.); *Green v. Administrators of the Tulane Educational Fund*, 1998 WL 24424 (E.D.La. Jan. 23, 1998); and materials cited in a law review article on the subject. *See* Vincent Johnson and Virginia Coyle, "On the Transformation of the Legal Profession: The Advent of Temporary Lawyering," 66 Notre Dame L. Rev. 359 (1990). This article included citation to ABA Advisory

Opinion 88-356 which the Court independently reviewed.  Nonetheless, basically based on defendants' disagreement with the Court's application of the law and facts, defendants filed the instant motion on July 28, 2014.

"Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure." *Marone v. Hunt Petroleum Co.,* 2011 WL 39028 (E.D.La. January 4, 2011).  As the instant motion was filed within 28 days, Rule 59 applies.  A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydorchem, Inc.* 367 F.3d 473, 479 (5th Cir. 2004).  Moreover, this Court has recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly. *Nassri v. Inland Dredging Co.*, 2012 WL 6569290, *1 (M.D.La. December 17, 2012). *See* Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 124; *Fields v. Pool Offshore, Inc.* 1998 WL 43217 (E.D La. Feb. 3, 1998).

There are four grounds upon which a Rule 59(e) motion may be granted.  They are: (1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. *In re Katrina Canal Breaches Consolidated Litigation,* 2009 WL 5216897 at 1 (E.D.La. December 29, 2009).  None of these are present in the instant motion.  Simply put, defendants do not agree with the Court's factual findings and raise no argument that persuades the Court that manifest error occurred. Moreover, no new evidence is presented despite defendants' protestations to the contrary.  Defendants had ample opportunity to extensively examine Ms. Bolles and make any argument to the Court based on the evidence adduced.  In addition, the

Court finds that a reversal of its decision would be more likely to **create** manifest injustice, in light of the facts of the alleged grounds for disqualification.  Finally, there has been no intervening change in controlling law.  Defendants' arguments are simply a rehashing of those made at oral argument; to the extent that perhaps there were arguments which could have been raised during the hearing, it is clear that Rule 59(e) "should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment."  *Lafargue v. Jefferson Parish,*, 2000 WL 174899, *1 (E.D.La. 2000).  Accordingly,

    **IT IS ORDERED** that the Motion to Reconsider Defendants' Ingrid Arciniaga, Robert Arciniaga, and Technical Works, Inc. Motion to Disqualify Counsel for Plaintiffs  (Doc. 692) is **DENIED**.

    New Orleans, Louisiana, this 4th day of August, 2014.

STANWOOD R. DUVAL, JR.  
UNITED STATES DISTRICT COURT JUDGE
