UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BARCELONA EQUIPMENT, INC. | CIVIL ACTION |
| VERSUS | NO. 11-2183<br>C/W 11-2295<br>C/W 12-0708<br>C/W 12-0838 |
| DAVID BOLAND, INC., INC., ET AL. | SECTION "K"(5) |

Re: Target Construction, Inc. v. Bauer-Pileco, Inc.
    C.A. NO. 11-2295

## ORDER AND REASONS

Before the Court is a "Motion for Summary Judgment of Bauer-Pileco, Inc." (Doc. 490). Bauer-Pileco, Inc. ("Bauer-Pileco") contends that there is no evidence to support the claim of Target Construction, Inc.'s ("Target") that Bauer-Pileco breached any implied or expressed warranties allegedly owed to Target. Having reviewed the pleadings, memoranda and the relevant law, the Court finds that there are material questions of fact which preclude summary judgment.

**Background**

This Court has discussed the background of this case in its previous ruling denying Target's Motion for Partial Summary Judgment (Rec. Doc. 396), and incorporates and reiterates that opinion herein. The gravamen of this suit concerns Target's contract with Bauer-Pileco for piledriving equipment to drive paired segments of sheetpile which were to be linked together to form an I-wall structure. This work was to be performed by Target pursuant to a sub-subcontract it had with Boland to execute work at the Lakefront Airport Project.

In the Court's previous ruling, it found that Texas law was to apply to this cause of action, and granted Target's motion insofar as it found Paragraph 17 of the Rental Agreement, which purported to be a warranty disclaimer provision, was unenforceable as a matter of law. (Rec. Doc. 396 at 7-8 of 10). As the Court noted at that time, as to any express warranties upon which Target relies, Texas law provides:

> (a) Express warranties by the lessor are created as follows:
>
> > (1) any affirmation of fact or promise made by the lessor to the lessee that relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods will conform to the affirmation or promise. . . .
>
> (b) It is not necessary to the creation of an express warranty that the lessor use formal words, such as "warrant" or guarantee," or that the lessor have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the lessor's opinion or commendation of the goods does not create a warranty.

Tex. Bus. & Com. Code § 2A210.

Texas state law also recognizes an implied warranty of fitness for a particular purpose in lease contracts as set forth in Tex. Bus. & Com. Code § 2A213. It provides:

> Except in a finance lease, if the lessor at the time the lease contract is made has reason to know of any particular purpose for which the goods are required and that the lessee is relying on the lessor's skill or judgment to select or furnish suitable goods, there is in the lease contract an implied warranty that the goods will be fit for that purpose.

Tex. Bus. & Com. Code § 2A213.

In the instant motion, Bauer-Pileco maintains that there is no evidence to support Target's claims for breach of expressed or implied warranties allegedly owed to Target. In support of this motion, Bauer-Pileco has filed the 28 U.S.C. § 1746 Declaration of John Burns. Mr. Burns is a former employee of Bauer-Pileco and was involved in the primary contact for Target on this

project.  (Rec. Doc. 490-2). Also filed is the 28 U.S.C. § 1746 Declaration of Dirk Himborg. (Rec. Doc. 490-3).  Mr. Himborg was also involved in the Target-Bauer-Pileco project. (Rec. Doc. 490-3)  In response, Target has filed the 28 U.S.C. §1746 Declaration of Royce Jennings, a former employee of Target who participated in and oversaw the management of the construction projects at issue. (Rec. Doc. 620-2).  In addition, Target has filed the 28 U.S.C. §1746 Declaration of Edward Riggs who participated in the management of the construction projects and the negotiation for the piledriving equipment at issue.  (Rec. Doc. 620-3).

**STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996),  citing  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).   When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.   The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010). The Court will now turn to the individual claims and the issue of prescription as applicable.

**Analysis**

Bauer-Pileco filed this motion based on its contention that it never made any express warranties as alleged by Target and that Target never conveyed its specific equipment needs to Bauer-Pileco to create an implied warranty. The affidavits of Mr. Burns and Mr. Himborg have been filed into the record support these contentions. Mr. Burns maintains that the project details conveyed to him were scarce, and even conflicting. He avers that Mr. Riggs initially told him that the sheet piles were 45 feet long and relying on that representation, Mr. Burns sent specification for two different machines that could handle sheet pile of 49.2 (RG-14T) and 52.5(RG-16T) in length respectively.

4

Mr. Burns then avers that a few weeks later, Mr. Riggs stated that the piles might be longer than 45 feet and in response, Mr. Burns sent information on the RG-19T which could hold sheet piles up to 62.3 feet in length and RG-20S which was even larger. However, Mr. Burns contends that Mr. Riggs responded that Target would not rent the RG-20S because it would exceed the maximum weight limit for equipment on the levee and would be rejected by the Corps of Engineers. Mr. Burns further states that he was never provided with the project's drawings or specifications and that Target did not provide any details as to how the sheet piles were to be oriented.

In response, Target has produced the affidavits of Mr. Jennings and Mr. Riggs which directly contradict the statements of the Bauer-Pileco representatives to indicate that Bauer-Pileco was fully apprised of the technical requirements for the subject piledriving operations during the negotiations for the subject pile-driving equipment. These affidavits establish Target's position that through the actions of Mr. Riggs and Mr. Jennings, Target apprised Bauer-Pileco of the size, weight and other physical dimensions of the sheetpile segments; that a Bauer-Pileco representative inspected the site conditions under which the work was to take place; that Bauer-Pileco was provided copies of all specification concerning the work to be performed using the Bauer-Pileco equipment on the Lakefront Airport Project; that Bauer-Pileco was also fully apprised of all applicable height and weight restriction for equipment to be used on the project; that Bauer-Pileco was aware of the need for the machinery to produce at a certain rate because of the deadline that Target was facing. Specifically, Target maintains that Bauer-Pileco represented to it that the RG-19T would be capable of driving 60-foot long sheetpile at the rate of 50 paired segments per day. Indeed, Target's president has averred that in reliance upon these

representations as to the production rate of the piledriver, Target actually changed its construction schedule to account for the rates which Bauer-Pileco warranted the RG-19T to be capable of meeting.  Rec. Doc. 361-3 at ¶ 49.

Based on these conflicting versions of the facts underlying this case, clearly, there are material questions of fact which preclude summary judgment with respect to the express and implied warranty claims of Target.  Accordingly,

**IT IS ORDERED** that the "Motion for Summary Judgment of Bauer-Pileco, Inc." (Doc. 490) is **DENIED**.

New Orleans, Louisiana, this 12th  day of August, 2014.

**STANWOOD R.  DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

6