UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES FOR THE USE<br>AND BENEFIT OF BARCELONA<br>EQUIPMENT, INC.<br><br>VERSUS<br><br>DAVID BOLAND, INC., ET AL. | CIVIL ACTION<br><br>NUMBER:  11-2183<br>  AND CON. CASES<br><br><br><br>SECTION:  "K"(5)<br>   **PERTAINS TO: 11-2295** |

### ORDER AND REASONS

The Court herewith provides the following reasons for denying Target's motion for leave to file a second supplemental and amended complaint that was heard on August 13, 2014 following full briefing by the parties.  (Rec. docs. 669, 697, 709, 719).

The factual background leading to this litigation can be found in the Court's previous order granting in part and denying in part Target's motion for leave to amend in one of the other cases that was consolidated into this matter.  (Rec. doc. 667).  In this particular case, Target, as the subcontractor of the Lakefront Airport Project, contracted with Defendant, Bauer-Pileco, for the use of a sheet pile machine in that undertaking.  Target alleges that as a result of that equipment not functioning properly and at the production rates that had been represented, Target was required to obtain alternate equipment and accelerate its work schedule, thus sustaining acceleration and delay costs.  In an attempt to recover those costs and other damages, Target sued Bauer-Pileco for breach of contract, intentional and/or negligent misrepresentation and detrimental reliance, and for alleged violations of the Louisiana Products Liability Act ("LPLA").  (Rec. doc. 1 in 11-CV-2295).  Target subsequently amended its complaint on September 25, 2012 to name as additional

defendants Old Republic and Alliant on theories of breach of contract, indemnity, and related claims. (Rec. doc. 138).

Pertinent to the matter at hand (and as more fully discussed in the Court's Order denying Target's previous similar motion for leave to amend (Rec. doc. 667)), on October 15, 2013, a Michigan arbitrator assessed Target with over three million dollars in damages in connection with another related construction project on which it was the subcontractor and had, in turn, contracted with Bauer-Pileco to provide certain equipment. A new scheduling order was entered in this case on January 16, 2014 which set a deadline for amendments to pleadings of February 17, 2014. (Rec. doc. 494). Although the arbitration award was not formally confirmed by the Eastern District of Michigan until February 27, 2014, Target did not seek to add any indemnity claim related to the award prior to the February 17, 2014 deadline. On April 16, 2014, the trial in one of the other consolidated cases was continued due to the illness of one of the attorneys and a continuance of the trial in this case was also granted to accommodate that other matter. (Rec. doc. 632). In due course, another scheduling order was issued in this case which re-set the deadline for amendments to pleadings to June 19, 2014. (Rec. doc. 644).

Despite having filed its motion to amend in the other related case on May 9, 2014 in an attempt to assert the Michigan indemnity-related claim in that matter, Target did not file its motion to amend in this case until June 19, 2014, the last day of the deadline within which to amend pleadings and only three days after its other motion to amend was denied in that respect. Under these circumstances, just as was held on that other motion, the Court concludes that Target unduly delayed pleading the additional indemnity claim. Given that

the proposed amendment purports to increase Bauler-Pileco's potential exposure from approximately $840,000 to over $3.5 million, the Court also finds that Bauer-Pileco would be unduly prejudiced by having to defend itself from an entirely new claim that arises out of another construction project. It is for these reasons that Target's motion to amend was denied.

New Orleans, Louisiana, this 15th day of August, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE