UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BARCELONA EQUIPMENT, INC. | CIVIL ACTION |
| VERSUS | NO. 11-2183<br>C/W 11-2295<br>C/W 12-0838 |
| DAVID BOLAND, INC., INC., ET AL. | SECTION "K"(5) |

Re:   Target Construction, Inc.  v.  Bauer-Pileco, Inc.
      C.A. NO. 11-2295

## ORDER AND REASONS

Before the Court is a Written Objection to Minute Order and Order and Reasons of Magistrate Denying Motion for Leave of Target Construction, Inc. (Doc. 755) filed by Target Construction, Inc. ("Target").  Target sought leave to file a second supplemental and amended complaint which motion was heard on August 13, 2014.  The motion was denied by Magistrate Judge Michael North who then issued written reasons on August 15, 2014. (Doc. 721).  Target has filed the instant motion pursuant to Fed. R. Civ. P. 72(a).   As this motion seeks something of a non-dispositive nature, the court "must consider this timely objection and set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

The factual background of this case has been set forth in a number of previous rulings and does not bear repeating extensively. Target was a subcontractor for David Boland, Inc. who was the prime contractor on a number of construction projects undertaken by the United States Army Corps of Engineers.  On the Lakefront Airport Project, that is the subject of this particular lawsuit, Target contracted with defendant Bauer-Pileco, Inc. ("Bauer-Pileco") for the use of a sheet pile driving machine for use in that undertaking.  Target alleges that because that equipment did not function properly and at the production rates expected, Target was required to

obtain alternate equipment and accelerate its work resulting in cost overruns and other damages. Target has sued Bauer-Pileco in this suit for, *inter alia*, breach of contract, intentional and/or negligent misrepresentation and detrimental reliance. Target previously was granted leave on September 25, 2012 to name as additional defendants Old Republic and Alliant on theories of breach of contract, indemnity, and related claims. (Doc. 138).

In the instant motion, Target seeks to fold into this lawsuit an indemnity claim arising out of a separate Corps of Engineers construction project–that being on the Cross Bayou Drainage Structure–Phase 2. Lakeshore Engineering Services, Inc. on June 29, 2011, filed a Demand for Arbitration with the American Arbitration Association ("AAA") against Target alleging damages related to Target's allegedly deficient performance on the Cross Bayou Drainage project. On October 15, 2013, the arbitrator issued a final award finding Target was liable to Lakeshore in an amount in excess of $2.5 million. That arbitration was the subject of a cause of action, *Lakeshore Engineering Service, Inc. v. Target Construction, Inc.,* 13-cv-14498 (E.D.Mich. Oct. 25, 2013) and was confirmed in that proceeding. At no time during its pendency did Target implead, propound a demand upon or provide notice to Bauer-Pileco that Target would later seek indemnity from Bauer-Pileco with respect to the Cross-Bayou Drainage project.

Initially, the subject case was set for trial on November 3, 2014. The applicable scheduling order set a deadline of February 17, 2014 to amend pleadings. In the ensuing four months, Target did not seek to add the Cross-Bayou claim to this case. This case was continued on April 16, 2014, after the first amendment cut-off had expired, with a new trial date being set on March 16, 2015, resulting in a new cut-off for amendments of June 19, 2014. Target did not move to amend to add the Cross-Bayou claim until that date.

It is clear that while Fed. R. Civ. P. 15(a) "evinces a bias in favor of granting leave to amend," if there are a substantial reasons such as "undue delay" or "undue prejudice" to the opposing party, then the discretion of the court is broad enough to deny a motion to amend. *See generally Martin's Herend Imports, Inc. v. Diamond & Gem Trading Unite States of America* Company, 195 F.3d at 765, 770 (5th Cir. 1999). Indeed, a district court must possess a "substantial reason" to deny a request for leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In examining that standard in *Smith,* the Fifth Circuit noted that "'a defendant is prejudiced if an added claim would require the defendant "to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."' *Id.* citing *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999). Moreover, as noted in *Atrium Companies, Inc. v. ESR Associates, Inc.,* 2012 WL 4215103 (S.D. Tex. Sept. 18, 2012), "the Fifth Circuit has stated that, even when a request to amend is filed within the prescribed deadline, it may still be' 'untimely' in light of the procedural history and posture of the case'" where the plaintiff's proposed amendments "pleaded a fundamentally different case with new causes of action and different parties."  Such an amendment is viewed as one which fundamentally alters the nature of the case and thus may warrant denial. *Id.* citing *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

The amendment at issue herein concerns a matter that has not been the subject of discovery in this matter and indeed had not ever been raised as to Bauer-Pileco in a meaningful way until this last minute attempt. It concerns a project that is not the subject of this suit. It is distinct from it. The issues in this case–that is a dispute over whether a certain pile-driver was fit for the Lakefront Airport Project–has been the subject of discovery and focus of this case. To

enlarge the issues to include another project for which Bauer-Pileco had not been legally sought to be held liable at this late date is unduly prejudicial and will not be allowed. Moreover, Target has unduly delayed pleading this additional indemnity claim for the reasons explained by Magistrate Judge North in his opinion. Accordingly,

**IT IS ORDERED** that Written Objection to Minute Order and Order and Reasons of Magistrate Denying Motion for Leave of Target Construction, Inc. (Doc. 755) is **OVERRULED** and the Court affirms the decision of the Magistrate Judge as it is not clearly erroneous or contrary to law.

New Orleans, Louisiana, this 16th day of October, 2014.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**