UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA, for the use and benefit of BARCELONA EQUIPMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2183**<br>**C/W 11-2295**<br>**C/W 12-0838** |
| **DAVID BOLAND, INC., INC., ET AL.** | **SECTION "K"(5)** |

Re:   Target Construction, Inc. v. Bauer-Pileco, Inc.
      C.A. NO. 11-2295

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment (Doc. 700) filed by Target Construction, Inc. ("Target"). Target contends that Old Republic General Insurance Corporation ("Old Republic") has waived its insurance coverage defenses for failing to provide timely notice of its insurance coverage decision regarding the property damage claim asserted by Bauer-Pileco, Inc. Having reviewed the pleadings, memoranda, exhibits, testimony and the relevant law, the Court finds the motion without merit.

**Background**

As this Court has addressed the waiver issue before in its Order and Reasons of January 31, 2014 (Doc. 532), the Court reiterates and adopts the synopsis of facts pertaining to the case found therein. As previously stated, Target was a subcontractor on a flood protection project. As part of that work, it rented an industrial hammer from Bauer-Pileco, Inc. ("Pileco"). Target has asserted in C.A. No. 11-2295, filed on September 13, 2011, that the Pileco equipment failed to perform as advertised which cased delays and damages. Pileco counterclaimed in its answer

of November 11, 2011, that Target caused (1) extensive damage to the equipment, (2) failed to pay all amounts due under the rental contract, and (3) caused damage to Pileco as a result of loss of rental income sustained as a result of the damage Target caused to the rented piledriver.

Old Republic had issued a Commercial General Liability Insurance policy ("CGL policy") to Target for the period of time at issue herein.  On November 15, 2011,Target transmitted a copy Pileco's pleading to the insurance agency from which Target had procured the Policy, Alliance Insurance Services, Inc.  ("Alliant").  Having received no response, in April of 2012, Target initiated an investigation as to the status of Old Republic's adjustment of the claim.  Apparently, the claim had not been passed onto Old Republic.  On April 12, 2012, Gallagher Bassett Services, Inc., ("Gallagher Bassett"),  Old Republic's third-party claim administrator, received the claim.  (Gallagher Bassett Services, Inc.  Print Claim Notes "Entry Date", page 137 of 150).

On June 4, 2012,  Gallagher Basset responded to Target; it did not declare its position with regard to coverage; instead, it requested more information regarding the underlying facts of the Pileco property damage claim against Target.  No reservation of right letter issued, and no defense to the Pileco claim was offered.

On June 18, 2012, counsel for Target apprised Gallagher Basset/ Old Republic that in its opinion Old Republic's duty to defend Target had been triggered with the receipt of the third-party pleadings and requested confirmation of Old Republic's duty to defendant within the following 7 days.  With an offer of defending the suit not having been made, on September 25, 2012,  Target filed a first amended and supplemental complaint (C.A. No.  11-2183, Rec.  Doc. 138) alleging that Old Republic's failure to avail itself of the defense of non-coverage timely

constituted a waiver of its defense to indemnify and defend Target such that Old Republic owed Target the cost of defending against the Pileco's property damage claims, as well as all costs associated with the alleged property damage asserted in the Pileco' Answer, Counter Claim and Third Party Demand.

On December 7, 2012, another insurer pursuant to a settlement agreement paid the cost of repair for the damaged Pileco equipment; however, that settlement did not include Pileco's claim for loss of rental income.

Old Republic maintains that on February 20, 2013, it sent to Target a Reservation of Rights letter; however, the letter was not received by Target. In that letter, it advised Target that (1) a duty to defend and the possibility of coverage was triggered under its policy by the allegations of property damage made by Pileco against Target. However, Old Republic took the position that (2) there was no coverage for the Pileco allegations concerning the failure of Target to pay rent and other charges; and (3) that it would have to investigate further the allegations made by Pileco regarding loss of rental income resulting from property damage to rented equipment to make a final determination as concerned coverage.

Target did not actually receive this letter until after it filed its first motion for summary judgment on this issue; Target maintains that it first received the reservation of rights letter on or about August 28, 2013. As to that first motion for summary judgment, the Court in essence found with respect to the coverage waiver issue, that there was a question of fact as to whether Old Republic took any action (e.g. some kind of undertaking of defense) that would have triggered the necessity of reserving its right to deny coverage. The Court also stated that there was an issue as to whether "the extremely long delay in taking any action constitutes a waiver of

coverage defense in and of itself."  This finding was based on the Court's belief that while Target made this argument, it had failed to outline sufficiently its legal reasoning underpinning this contention.  As such, the Court denied the motion.

With that as background, the Court will now address the instant motion.

**Standard for Motion for Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996),  citing  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).  When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

 "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' "  *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson  v. Liberty Lobby, Inc.*,

477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor."  *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment.  The Court has no duty to search the record for material fact issues.  Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

**Waiver and The Duty to Defend**

Target argues that Old Republic has waived its insurance coverage defenses because it failed to provide timely notice of an insurance coverage decision regarding the property damage claim.  As such it seeks partial summary judgment "recognizing that Old Republic has waived the right to contest coverage for the damages alleged in the [Pileco] counterclaim, leaving open the dispute between Target and Old Republic only the quantum of defense costs and damages attributable to [Pileco's] property damage claim, for which costs and damages Old Republic is wholly liable.  (Doc. 700-1at 17 of 18).   This analysis is misplaced.

As stated in the seminal case *Steptore v. Masco Constr. Co., Inc.*, 643 So.2d 1213 (La. 1994):

> Waiver is generally understood to be the intentional relinquishment of a known right, power, or privilege. . . . Waiver occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished. . . . A waiver may apply to any provision of an insurance contract, even though this may have the effect of bringing within coverage risks originally excluded or not covered.

*Id.* at 1216 (internal citations omitted).

As such then, "waiver requires (1) misleading conduct on the part of the insurer and (2) prejudice to the insured. *Emery,* 49 So.3d at 21; *Scottsdale*, 1999 WL 130633, at *5. The burden of proving waiver is on the party claiming waiver. *Duffy*, 47 F.3d at 140." *Sosbee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1026-27 (5th Cir. 2012). "'Waiver principles are applied stringently to uphold the prohibition against conflicts of interest between the insurer and the insured which could potentially affect legal representation in order to reinforce the role of the lawyer as the loyal advocate of the client's interest. ' *Steptore, supra,* at 1216." *Arceneaux v. Amstar Corp.*, 66 so.2d 438, 451 (La. 2011). In the case at bar, no evidence of "misleading conduct"on the part of the insurer has been demonstrated. Moreover, there is no demonstrable prejudice to the insured.

Generally waiver is at issue in the instance where an insurer provides a defense without timely reserving its rights as to coverage. The United States Court for the Fifth Circuit explained in *Peavey Co. v. M/V ANPA*, 971 F.2d 1168 (5th Cir. 1992):

> If the policy calls for a defense of the claim, an insurer has the obligation to provide a defense to its insured, even if ultimately the insurers may have no liability under the policy. *Dugas Pest Control of Baton Rouge v. Mut. Fire, Marine and Inland Ins. Co.*, 504 So.2d 1051, 1053 (La. App. 1st Cir. 1984). To protect its own interest, an insurer can simultaneously provide its insured with a defense and contest coverage with its insured. *Id.* When such a conflict of interests arises and the insurer has knowledge of facts indicating noncoverage and voluntarily assumes the insured's defense without obtaining a non-waiver agreement to reserve its rights, the insurer effectively waives all such policy defenses. *Myers*, 789 F.2d at 1201; *Sears*, 621 F.2d at 747. The insurer's notice of its intent to avail itself of the defense of noncoverage must be timely. *Pitts By and Through Pitts v. American Sec. Life Ins. Co.,* , 931 F.2d 351, 356-75 (5th Cir. 1991).

Indeed, every case cited by Target for the proposition that because of Old Republic's alleged failure to provide timely notice of its insurance coverage position are cases where waiver was found precisely because of the insurer's providing a defense without properly reserving its rights. As noted, the waiver is premised on the need to guard against improper conflicts of interest.

Target has not provided a single case, nor is the Court aware of a situation where a failure to communicate or respond to a demand for defense and coverage as occurred herein was sufficient for a court to find "misleading conduct on the part of the insurer" so as to trigger a waiver analysis. In sum, although Old Republic was dilatory in responding to Target, the lynchpin to a waiver of a coverage defense is misleading conduct; inaction under the facts of this case does not constitute misleading conduct. Moreover, it is clear that Old Republic did not ever provide a defense without reserving its rights to deny coverage. Thus, there is no waiver of Old Republic's defense of coverage. Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment (Doc. 700) filed by Target Construction, Inc. ("Target") is **DENIED**.

New Orleans, Louisiana, this 5th day of December, 2014.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**