UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA, for the use and benefit of BARCELONA EQUIPMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2183**<br>**C/W 11-2295**<br>**C/W 12-0708**<br>**C/W12-0838** |
| **DAVID BOLAND, INC., INC., ET AL.** | **SECTION "K"(4)** |

Re: Target Construction, Inc. v. Kendra &
    Associates, et al., C. A. No. 12-838

## ORDER AND REASONS

Before the Court is the Motion of Target Construction, Inc. for Default Judgment Against Defendants Kenneth Johnson, Brenda Johnson, and Kendra & Associates. (Doc. 821). Based on the failure of these defendants to file an answer, Target Construction, Inc. ("Target") seeks judgment on Target's Complaint (C.A. No. 12-838, Doc. 1) and Amended Complaint (C.A. No. 11-2182, Doc. 684) based on the record evidence filed with the instant motion to establish both the defendants' liability and Target's entitlement to the relief requested. Based on its review of the memorandum, the exhibits, affidavits, documents and the relevant law, the Court finds merit in the motion except as to the request for attorneys' fees under the Louisiana Unfair Trade Practices Act ("LUTPA").

**BACKGROUND**

This Court discussed the allegations of the instant Complaint and Amended Complaint in its August 11, 2014 Order and Reasons (Doc. 701) by which it granted summary judgment dismissing breach of contract claims and LUTPA claims brought against co-defendants

Technical Works, Inc. ("TWI") and Ingrid Ariniaga and Robert Arciniaga ("the Arciniags").  As noted then Target Construction, Inc. ("Target") is a Nevada corporation authorized to do business in Louisiana. (Doc. 684, First Supplement, Amended and Restated Complaint, ¶ 1) (hereafter "Amended Complaint").  The United States Army Corps of Engineers ("the Corps") contracted with David Boland, Inc. ("Boland") as prime contractor to perform the complete construction of a Corps project (USACE Project Number W912P8-10-C-0079) near the Lakefront Airport in New Orleans, Louisiana ("the Lakefront Airport Project") on May 26, 2010. (Rec. Doc. 111, Order and Reasons Denying Motion to Dismiss).  The Corps also contracted with Lakeshore Engineering Service, Inc. ("Lakeshore") as prime contractor, to perform the complete construction of another Corps project (USACE Project Number W912P8-10-C-0050) near the Cross Bayou drainage structure in Destrehan, Louisiana ("the Cross Bayou Project"). Both Lakeshore and Boland entered into subcontract agreements with Target, as subcontractor, to provide certain work. (Amended Complaint, ¶¶ 25-28).

Target sought to sub-subcontract out the fabrication and installation of certain structural steel installations.  That sub-subcontracting responsibility fell to Target's then Gulf Coast Regional Manager, Edward Riggs.   Eventually, those sub-subcontracts were awarded to the Kendra[1] defendants herein.  As concerns this motion for default, Target alleges and maintains that Kenneth Johnson and Brenda  Johnson are the alter egos of Kendra and Associates ("K & A"). (Amended Complaint, ¶ 6).

Kenneth Johnson is a private individual doing business in Louisiana with his principal place of residence in Bakersfield, California.  Amended Complaint, Doc. 684, ¶ 2(d); Brenda

---

[1] [2]These companies are Kendra Construction Services, Inc. ("KCS"), Kendra & Associates, Inc. ("K&A") and JRS Industries, Inc. ("JRS") (collectively "Kendra").  (Amended Complaint ¶13).

Johnson, is a private individual doing business in Louisiana with her place of residence in Bakersfield, California. Amended Complaint, Doc. 684, ¶ 2(e); Kendra & Associates, Inc. is a California corporation not authorized to do business in Louisiana by the Louisiana Secretary of State but actually doing business herein, with its principal place of business in Bakersfield, California. ( Amended Complaint, Doc. 684, ¶ 2(b)).

Target contends that the Kendra bids were artificially inflated by virtue of information gained by Ingrid Arciniaga (Ms. Arciniaga), with whom Mr. Riggs had a romantic relationship and who had a monetary interest in Kendra's accounts receivables.

Ms. Arciniaga was the President of TWI. Mr. Arciniaga was a director of TWI. Target contends that Ingrid and Robert Arciniaga were and are the alter ego of TWI and are thus personally liable for the damages alleged herein. (Amended Complaint, ¶¶13-15).

Prior to Target's search for a structural steel sub-subcontractor, TWI had developed a controlling financial and managerial interest in Kendra.   TWI began providing labor and payroll services under a written contract with K&A in November of 2009. On July 23, 2010, Kendra, as K & A, entered into a "Reaffirmation, Pledge and Security Agreement" ("RPSA"), and Kendra, as Kendra Construction, Inc., entered into an identical RPSA with TWI on August 12, 2010. (Amended Complaint, ¶¶ 22 and 23).   Through these two instruments, the outstanding debt was reaffirmed and TWI was granted a UCC security interest in all of Kendra's receivables, contracts, general intangibles and proceeds. (Amended Complaint, ¶ 23).  As a result of this linkage, Target maintains that Kendra and TWI functioned as a single business entity for all of the conduct alleged in its complaint. (Amended Complaint, ¶ 24).

Target entered into agreements with Kendra as sub-subcontractor to perform work involving the fabrication and installation of structural steel installations for the Lakefront Airport Project ("the Lakefront sub-subcontract") and the Cross Bayou Project ("the Cross Bayou sub-subcontract"). (Amended Complaint ¶29). As a specific condition of Target's hiring Kendra for work on the two projects, Target requested that TWI agree to supply labor for Kendra's scope of work and to manage Kendra's finances relative to Kendra's participation on the Projects. Both Kendra and TWI allegedly agreed to this arrangement and TWI did supply labor for these two projects. (Amended Complaint, ¶¶ 30-31).

Target contends that as part of the contracting process for the Lakefront Airport Project and the Cross Bayou Project, Target submitted bids for its scope of work to Boland and Lakeshore, respectively as prime contractor on each project. Included in each bid was a budget for specific categories of the work to be performed by Target, which budget was approved by Boland and Lakeshore, respectively. (Amended Complaint, ¶ 32). In bidding for the two sub-subcontracts, Kendra submitted bids representing Kendra's actual appraised value of the costs of performing each sub-subcontract, together with standard markups for overhead and profit. (Amended Complaint, ¶ 33). Target awarded the sub-subcontracts to Kendra for the two projects. (Amended Complaint, ¶ 34).

Target maintains that because of the relationship that Ms. Arciniaga had with Edward Riggs, "the Arciniagas were able to obtain sensitive and proprietary business information as to Target's operation, including the amounts budgeted by Target for the scope of work of the projects assigned to Kendra which were the subject of the sub-subcontracts." (Amended Complaint, ¶35). In particular, after the Kendra sub-subcontract bids were accepted by Target,

the defendants learned through Mr. Riggs "that the amount budgeted by Target for the scope of work assigned to [Kendra] for each Project was higher than the amount of" Kendra's bid on each Project." (Amended Complaint, ¶36). As such, in concert with the Arciniagas/TWI, Kendra thereafter artificially inflated the amount of its bids on the Lakefront sub-subcontract and the Cross Bayou sub-subcontract, respectively, for the specific purpose of inducing Target to issue purchase orders to Kendra/TWI at an increased cost to Target which cost increase was not reflective of any corresponding cost increase to Kendra/TWI." (Amended Complaint, ¶37).

As a result of the defalcations of Kendra and the Johnsons, Target alleges that it is entitled to certain relief based on fraud, breach of contract, and violation of the Louisiana Unfair Trade Practices Act (which the Court will detail *infra)* for a total of $588,062.16 plus attorney's fees of $133,962 based on allegations of violation of LUPTA.

**LEGAL STANDARD FOR DEFAULT JUDGMENT**

Federal Rule of Civil Procedure 55(b) provides that a default judgment "may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period." *Trident Steel Corp. v. Cow path Energy, L.L.C.,* 2013 WL 486308, *1 (E.D.La. Feb. 6, 2013). Under the provision of subsection (a) of the rule, the clerk must enter the party's default when that party has failed to plead or otherwise defend. Thereafter, the plaintiff must apply to the court for a default judgment when the claim is not one that can be made certain by computation. "No party is entitled to a default judgment as a matter of right. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curium). The disposition of a motion

for the entry of default judgment rests within the sound discretion of the district court.  *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)." *Trident Steel,* 2013 WL 486308 at *1.

### Jurisdiction

The Court is required to inquire as to whether it has subject matter jurisdiction over the dispute and whether it has personal jurisdiction over the individuals. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskty*, 242 F.3d 332 (5th Cir. 2001).  Clearly, there is diversity jurisdiction present as the defendants are California residents and Target is a Nevada coproration authorized to do business in Louisiana with its prinicpal place of business in Henderson, Nevada.  Moreover the amount in controversy well exceeds $75,000.00.  The requirements of 28 U.S.C. 1332 are thus met.

As to personal jurisdiction, the Court finds for the reasons stated in greater detail in its August 27, 2012 opinion, finds that because of the fraud alleged to have been committed in Louisiana, this Court may exercise specific personal jurisdiction.  *Calder v. Jones*, 465 U.S. 783 (1984).  *See United States of America, for the use and benefit of Barcelona Equipment, Inc. v. David Boland, Inc. re: Target Construction, Inc. v. Kendra & Associates, C.A. No. 12-838,* 2012 WL 3683780,  *6-7 (E.D.La. Aug. 27, 2012).

**Entry of Default**

Kenneth Johnson,  Brenda Johnson,  and Kendra and Associates have all been properly served with both the Complaint and Amended Complaint and each has failed to answer.  As

such, preliminary default judgments were properly entered as to all three. As noted by Judge Vance in *Trident*:

> Although judgments by default are generally disfavored, *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), the court finds that defendant's failure to appear impedes the 'just, speedy and inexpensive disposition' of this case on the merits. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989). Moreover, the record does not reveal any excuse for defendant's failure to appear. Accordingly, the court will enter a default judgment against the defendant.

*Id.* at *2. Likewise, in this instance, there is no explanation for the failure to appear and the need for a final resolution to this matter is present. The Court shall order a default judgment against the defendants as to the claims of fraud and for breach of contract. However, this Court has previously held that the claim for damages based on LUTPA have prescribed. *United States of America, for the use and benefit of Barcelona Equipment, Inc. v. David Boland, Inc. re: Target Construction, Inc. v. Kendra & Associates, C.A. No. 12-838*, 2014 WL 3908789, *7-8 (e.d.lA. August 11, 2014). As such, default judgment on this aspect of the case shall be denied; plaintiff is not entitled to an award for attorneys' fees.

In addition, based on the declaration of Holly Sharp, her expert report and accompanying documentation, the Court finds that Kenneth Johnson and Brenda Johnson are the alter egos of Kendra and Associates and thus can be held personally liable for the damages incurred by Target.

**Damages**

The Court has reviewed the memoranda, declarations, expert reports and exhibits filed in connection with this motion. The Court finds that Target is entitled to the following in damages:

    a.    The defendants are liable to Target for inflated purchase orders as a result of their fraudulent activity on the two projects for a total of **$252,598.00.**[2]

    b.    The defendants are liable to Target for their fraudulent receipt of payment from the prime contractor on the Cross Bayou Project–Lakeshore Engineering Services, Inc. ("Lakeshore") which exceeded the total contract value for the Cross Bayou Project in the amount of **$149, 289.00.**[3]

    c.    The defendants are liable for overbilling on the Lakefront Project in the amount of **$70,098.**[4]

    d.    The defendants are liable for damages Target suffered due to the delivery of a defective platform ($48,266.04)[5] and failure to repay Target the cost of the lift mechanism ($70,811.58)[6] for a total of **$119,077.62**.

Thus, the Court finds the Motion for default is well taken and the defendants are liable for a total award of **$591,062.62**.

However, as Target is aware, it has entered into a settlement agreement with other parties to this proceeding. As such, a credit must be applied against this amount owed in the amount

---

[2] Doc. 821-9, Exhibit "F", Declaration and Report of Holly Sharp, at 89 of 259 ("Unexplained increase in the Lakefront Airport Project's Schedule of Values" ($75,000.00) plus "Amount of Target Purchase Order issued in excess of Kendra's bid for the Cross Bayou Project" ($177,598.00) equals this amount and is supported by affidavits and documents.

[3] *Id.* "Payment received by Kendra in excess of the Cross Bayou contract amount"

[4] Doc. 821-7, Exhibit "D", Declaration of Jeffery Fegert, at 9 of 148, n. 24.

[5] *Id.* at 8 of 148, ¶ 41.

[6] *Id.* at 8 of 148, ¶ 44.

Target has obtained from the other settling defendants. Otherwise, a double recovery will occur. Thus, the Court is not prepared to enter judgment at this time. Accordingly,

**IT IS ORDERED** that the Motion of Target Construction, Inc. for Default Judgment Against Defendants Kenneth Johnson, Brenda Johnson, and Kendra & Associates (Doc. 821) is **GRANTED,** and judgment shall be entered in favor of Target Construction, Inc. and against Kenneth Johnson, Brenda Johnson, and Kendra & Associates, Inc. in the amount of $591,062.62 and costs less the amount obtained in settlement from the other defendants in this matter.

**IT IS FURTHER ORDERED** that Target shall provide the Court with the necessary information to make this calculation **no later than April 30, 2015.**

New Orleans, Louisiana, this 15th day of April, 2015.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**